**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAWRENCE T. DOWNING,**

  **Petitioner,**

**v.**                                                          **Case No. 3:16cv611-LC/CAS**

**STATE OF FLORIDA, et al.,**

  **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On November 9, 2016, Petitioner Lawrence T. Downing, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner filed an amended petition on December 19, 2016. ECF No. 8. On July 21, 2017, Respondent filed a motion to dismiss, with exhibits. ECF No. 20. On July 23, 2017, Petitioner filed a reply. ECF No. 22.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). As explained below, the undersigned has determined Respondent's motion to dismiss should be granted and the § 2254 petition should be dismissed as untimely.

Case No. 3:16cv611-LC/CAS

## PROCEDURAL BACKGROUND

By information filed May 10, 2010, the State of Florida charged Petitioner Lawrence T. Downing in the Circuit Court of the First Judicial Circuit, Santa Rosa County, Florida, with one count of sale or delivery of cocaine within 1,000 feet of a physical place for worship, a first degree felony, in violation of section 893.13(1)(e)(1), Florida Statutes, and one count of resisting an officer without violence, in violation of section 843.02, Florida Statutes, in connection with events that occurred on or about April 9, 2010.  Ex. A at 11.[1]  On February 10, 2011, Petitioner entered a no contest plea.  Ex. C.  On June 14, 2011, the state trial court adjudicated Petitioner guilty and sentenced him to ten (10) years' incarceration as a habitual felony offender on count one.  Ex. A at 64-70; *see* Ex. B at 10-11. On count two, Petitioner was adjudicated guilty and sentenced to 432 days incarceration, with jail credit for 432 days.  Ex. B at 10-11.

On July 6, 2011, Petitioner appealed his conviction and sentence to the First District Court of Appeal (DCA) (Case No. 1D11-3674).  Ex. A at 76.  On August 16, 2012, Petitioner filed a notice of voluntary dismissal.

---

[1] Hereinafter, all citations to the state court record, "Ex. – ," refer to exhibits submitted with Respondent's motion, ECF No. 20.

Case No. 3:16cv611-LC/CAS

Ex. E at 1.  On August 17, 2012, the First DCA dismissed the appeal.  Ex. E at 2.

On October 17, 2012, Petitioner filed a "Motion to Vacate and Correct Unconstitutional Illegal Sentence in Order to Avoid a Fundamental Manifest Injustice," which the state trial court treated as a motion pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. F at 1-12.  On November 1, 2012, the state court dismissed the motion for failure to contain a proper oath and other filing requirements, with leave to amend.  *Id*. at 12-13.  On November 26, 2012, Petitioner filed an amended motion for post-conviction relief.  *Id*. at 14-20.  On January 11, 2013, the state court dismissed the amended motion for failing to contain a proper oath.  *Id*. at 21-22.  On January 18, 2013, Petitioner properly filed a second amended motion for post-conviction relief.  *Id*. at 23-32.  On February 27, 2013, the state court issued an order denying Petitioner's second amended motion.  *Id*. at 34-35.  Also, on February 27, 2013, Petitioner filed a third amended motion for post-conviction relief.  *Id*. at 42-40.  On March 13, 2013, the state court dismissed Petitioner's third amended motion with prejudice.  *Id*. at 52-53.

On March 22, 2013, Petitioner appealed to the First DCA (Case No. 1D13-1676).  *Id.* at 63.  On August 21, 2013, the First DCA issued a per

curiam affirmance, without written opinion.  Ex. G at 1.  On September 17,
2013, the First DCA issued the mandate.  Ex. G at 2.

On August 29, 2013, Petitioner filed a notice to invoke the
discretionary jurisdiction of the Florida Supreme Court.  Ex. H at 1-2.  On
October 31, 2013, the Florida Supreme Court determined that it was
without jurisdiction, and dismissed the case.  Ex. H at 4.

On March 3, 2014, Petitioner filed a letter requesting clarification as
to his sentencing.  Ex. I at 6-7.  On March 26, 2014, Petitioner filed a
motion to correct sentence.  *Id*. at 8-10.  On April 4, 2014, the state court
dismissed Petitioner's motion.  *Id*. at 19-20.

On April 28, 2014, Petitioner filed a second Rule 3.850 motion.  *Id*. at
22-35.  On June 30, 2014, the state court dismissed the motion for legal
insufficiency, with leave to amend within sixty days.  *Id*. at 37-38.  On July
15, 2014, Petitioner filed an amended motion for post-conviction relief.  *Id*.
at 39-53.  On July 31, 2014, the state court dismissed Petitioner's amended
motion.  *Id*. at 54-57.

On August 28, 2014, Petitioner filed an appeal of this dismissal to the
First DCA (Case No. 1D14-3996).  *Id*. at 88-89.  On September 22, 2014,
this appeal was dismissed pursuant to Petitioner's motion for voluntary
dismissal, noting that the appeal was filed in error.  Ex. J.

On September 23, 2014, Petitioner filed a motion to correct illegal sentence. Ex. K at 2-5. On October 13, 2014, the state court dismissed Petitioner's motion to correct illegal sentence. *Id*. at 15-17. On October 30, 2014, Petitioner appealed this dismissal to the First DCA (Case No. 1D14-5095). Ex. L at 1-2. On January 29, 2015, the First DCA issued a per curiam affirmance. *Id*. at 3. On February 24, 2015, the First DCA issued the mandate. *Id*. at 4.

On October 9, 2015, the Petitioner filed a document entitled "Grounds for Relief with Incorporated Memorandum of Law" with the Florida Supreme Court. Ex. M at 2-6. The court treated this filing as a petition for writ of habeas corpus (Case No. SC15-1905). *Id*. at 1. On November 16, 2015, the Florida Supreme Court dismissed this case. Ex. O.

On February 9, 2016, Petitioner filed a habeas corpus petition with the First DCA (Case No. 1D16-0635). Ex. P at 1-12. On March 1, 2016, the First DCA issue a per curiam dismissal of the petition. Ex. Q.

On April 13, 2016, Petitioner filed a writ of habeas corpus in the Circuit Court of the Fourteenth Judicial Circuit, Jackson County, Florida. Ex. R at 5-14. On June 20, 2016, the court determined that it was without jurisdiction, and dismissed the petition. *Id*. at 41-43. On June 30, 2016, Petitioner appealed this dismissal to the First DCA (case no. 1D16-3029).

Ex. U at 1.  On October 28, 2016, the First DCA issued a per curiam affirmance.  *Id*. at 2.  On November 23, 2016, the First DCA issued the mandate.  *Id*. at 3.

On October 18, 2016, Petitioner filed a petition for writ of mandamus in the First DCA (1D16-4760).  Ex. V at 1-5.  On December 9, 2016, the First DCA dismissed the petition, per curiam.  Ex. W.  On December 20, 2016, Petitioner filed a motion for rehearing in the First DCA.  Ex. X.  On January 10, 2017, the Petitioner filed an amended motion for rehearing.  Ex. Y.  On July 28, 2017, this motion was denied.  *See* online docket for 1D16-4760 at www.1dca.org.

On July 10, 2017, Petitioner filed a motion for clarification of sentence in the Circuit Court of the First Judicial Circuit, Santa Rosa County, Florida.  Ex. Z at 1-2.  On July 20, 2017, the court denied Petitioner's motion.  *Id*. at 3-4.

As indicated above, on November 9, 2016, the Petitioner filed his § 2254 petition.  ECF No. 1.  Petitioner filed an amended petition on December 19, 2016.  ECF No. 8.  On July 21, 2017, Respondent filed a motion to dismiss, with exhibits.  ECF No. 20.  On July 23, 2017, Petitioner filed a reply.  ECF No. 22.

## Analysis

## Timeliness

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  The period is tolled for the time during which a properly filed application or other collateral review with respect to the pertinent judgment or claim is pending.  28 U.S.C. § 2244(d)(2).

Respondent contends that the original § 2254 petition is untimely because it was filed after the AEDPA one-year limitations period. Respondent is correct.

Petitioner was adjudicated guilty and sentenced on June 14, 2011. On August 17, 2012, the First DCA dismissed Petitioner's direct appeal because Petitioner filed a notice of voluntary dismissal.

No Eleventh Circuit decision addresses whether a petitioner's voluntary dismissal of a direct appeal still entitles a petitioner to the ninety-day period for filing a petition for writ of certiorari to the Supreme Court or not.  Berry v. United States, No. 1:97-CR-359-RWS-AJB-2, 2016 WL

7743051, at *2 (N.D. Ga. Oct. 31, 2016), *report and recommendation adopted*, No. 1:97-CR-359-RWS-AJB-2, 2017 WL 125038 (N.D. Ga. Jan. 12, 2017), *certificate of appealability denied*, No. 17-10345-G, 2017 WL 3262314 (11th Cir. May 25, 2017). *See* Westmoreland v. Hetzell, 840 F. Supp. 2d 1275, 1279 (N.D. Ala. 2011).

As for the Northern District of Florida, this Court stated in 2008 that it would follow the "Fourth, Fifth, and Sixth Circuits in concluding that a state conviction becomes final, for AEDPA purposes, ninety (90) days after the state appellate court grants a motion for voluntary dismissal of the appeal." Chapman v. McNeil, No. 3:08CV5/LAC/EMT, 2008 WL 2225659, at *3 (N.D. Fla. May 28, 2008). *See* Boggan v. Sec'y, Fla. Dept. of Corr., No. 3:15-CV-4-LC-GRJ, 2015 WL 8032346, at *6-7 (N.D. Fla. Oct. 7, 2015); Gaines v. Buss, No. 4:11-CV-00222-MP-CAS, 2014 WL 1775673, at *3 (N.D. Fla. May 5, 2014); United States v. Ridgeway, No. 4:09CR59/RH/CAS, 2013 U.S. Dist. LEXIS 173856, at *7 (N.D. Fla. Oct. 25, 2013); United States v. Reed, No. 3:08CR20/MCR, 2011 WL 2038627, at *4 (N.D. Fla. Apr. 4, 2011), *report and recommendation adopted*, No. 3:08CR20/MCR, 2011 WL 2038621 (N.D. Fla. May 23, 2011).

There is no need to resolve this question now, however, because even assuming Petitioner's conviction and sentence did not become final

until after the ninety-day period for filing certiorari to the Supreme Court expired (November 15, 2012), his § 2254 petition is untimely.

On October 17, 2012, Petitioner filed a Rule 3.850 motion, and then on November 26, 2012, an amended motion; however, neither motion tolled the AEDPA clock.  The state court dismissed the first of these post-conviction motions because it did not contain a proper oath or comply with other filing requirements.  Ex. F at 12-13.  The state court dismissed the second for failure to contain a proper oath alone.  *Id*. at 21-22.  The AEDPA clock is only tolled for "properly filed" applications for post-conviction or other collateral review.  28 U.S.C. § 2244(d)(1); Pollock v. Sec'y, Dep't of Corr., 664 F. App'x 770, 771-72 (11th Cir. 2016) (stating that Petitioner's motion tolled no time because it was not properly sworn, and therefore not properly filed).

On January 18, 2013, Petitioner filed his second amended Rule 3.850 motion which, being the first motion which complied with filing requirements, began tolling the AEDPA clock.  *Id*. at 23-32.  At this point, **sixty-four (64) days** had elapsed on the AEDPA clock.  On March 13, 2013, the state court issued an order denying Petitioner's third amended motion.  *Id*. at 34-35.  Petitioner appealed to the First DCA, keeping the clock tolled.  On August 21, 2013, the First DCA issued a per curiam

affirmance.  Ex. G at 1.  Discretionary review in the Florida Supreme Court was unavailable to petitioner because the First DCA issued the order without written opinion.  Jackson v. State, 926 So. 2d 1262, 1265 (Fla. 2006).  Petitioner's attempt to seek the Florida Supreme Court's discretionary review did not toll the AEDPA clock.  Additionally, the time to file an application for a writ of certiorari from the United State Supreme Court on a post-conviction petition does not toll the one-year period of limitations.  Lawrence v. Florida, 549 U.S. 327, 329 (2007).  Therefore, on September 17, 2013, when the First DCA issued the mandate, the AEDPA clock restarted.  Ex. I at 3-4.

On March 3, 2014, Petition filed a letter requesting clarification of his sentence.  *Id*. at 6-7.  This letter, as a request for clarification and not a motion attacking the legality of Petitioner's sentence or conviction, did not toll the AEDPA clock.  Baker v. McNeil, 439 F. App'x 786, 787 (11th Cir. 2011).  On March 26, 2014, Petitioner filed a motion to correct sentence, a tolling motion.  Ex. I at 8-10.  At this point, **254 days** on the AEDPA clock had elapsed.  On April 4, 2014, the state court dismissed Petitioner's motion.  *Id*. at 54-57.

On April 28, 2014, Petitioner filed a second Rule 3.850 motion.  *Id*. at 22-35.  The state court dismissed the motion for failure to meet the

certification requirement pursuant to Rule 3.850(n)(2). *Id*. at 37-38. Rule 3.850(n) states that "[n]o motion may be filed pursuant to this rule unless it is filed in good faith and with a reasonable belief that it is timely, has potential merit, and does not duplicate previous motions that have been disposed of by the court." Fla. R. Crim. P. 3.850(n). The rule also warns that failure to include the specified information in the certification statement shall result in dismissal. Fla. R. Crim. P. 3.850(n)(2). For failure to comply with the applicable rules governing such a motion, this motion failed to be a "properly filed" application which would warrant AEDPA tolling. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004) (noting that state procedural rules governing filings determine whether an application for state post-conviction relief is "properly filed").

Additionally, the time between an improperly filed motion and a properly filed amended motion is not tolled. *See* Pollock, 664 Fed. App'x at 772 (noting that after an improperly sworn Rule 3.850 motion, AEDPA clock ran until a properly sworn motion was filed); Goldsmith v. Sec'y, Fla. Dep't of Corr., 2016 U.S. Dist. LEXIS 101968, *11 (N.D. Fla. June 30, 2016) (holding that AEDPA clock did not begin tolling until the filing of petitioner's second amended motion, which was first "properly filed" motion). This is true even if the court dismissed the improperly filed motion with leave to

amend or without prejudice to filing a properly filed motion. <u>Brace v. Fla. Dep't of Corr. Sec'y</u>, No. 3:16CV147/LAC/EMT, 2017 WL 2374826, at *4 (N.D. Fla. May 1, 2017), *report and recommendation adopted*, No. 3:16CV147/LAC/EMT, 2017 WL 2371819 (N.D. Fla. May 31, 2017); <u>Tarver v. Crews</u>, No. 3:13CV396-RV-CJK, 2014 WL 5880900, at *3 (N.D. Fla. Sept. 30, 2014), *report and recommendation adopted*, No. 3:13CV396/RV/CJK, 2014 WL 5520928 (N.D. Fla. Oct. 31, 2014). Thus, on May 4, 2014, the AEDPA clock restarted thirty days after the April 4, 2014, dismissal.

On July 15, 2014, Petitioner filed an amended motion, which began tolling the AEDPA clock again. Ex. I at 39-53. At this point, **326 days** had elapsed on the AEDPA clock. The state court dismissed the amended motion, *id*. at 54-57, and Petitioner appealed to the First DCA, *id*. at 88-89. On September 22, 2014, this appeal was dismissed pursuant to Petitioner's motion for voluntary dismissal. Ex. J. The next day, September 23, 2014, Petitioner filed another motion to correct illegal sentence. Ex. K. The state court dismissed this motion. *Id*. at 15-17. Petitioner appealed to the First DCA. Ex. L at 1-2. On January 29, 2015, the First DCA issued a per curiam affirmance, and on February 24, 2015, the First DCA issued the

mandate. *Id*. at 3-4. The issuance of the mandate restarted the AEDPA clock.

The AEDPA clock then ran for 39 days until it expired on Monday, April 6, 2015. None of the petitions or motions Petitioner filed after this date had any effect on the AEDPA clock, because there was no time left to toll. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

On November 9, 2016, Petitioner filed this petition for writ of habeas corpus. This petition was filed 219 days after the AEDPA clock expired.

## Equitable Tolling and Actual Innocence

In Petitioner's amended § 2254 petition, Petitioner responded to the form inquiry regarding timeliness of the petition, by stating that "[I]t is unconstitutional, [a] violation of due process, unlawfully detained without trial, or sworn affidavit." ECF No. 8. Petitioner suggests that he was "unlawfully detained without trial," when in fact Petitioner waived his right to trial when he decided to enter a no contest plea. Ex. C at 13. In Petitioner's response to the Respondent's motion to dismiss, Petitioner states that his conviction and sentence is now void because it does not "exist by sworn oath affidavit, nor, a plea and sentence hearing." ECF No.

22 at 2.  In fact, Petitioner's plea hearing occurred on February 10, 2011.
Ex. C.  His sentence hearing occurred on June 14, 2011.  Ex. B.

It is not clear what argument Petitioner is making regarding the
untimeliness of his petition; regardless, Petitioner fails to meet the burden
for both equitable tolling and actual innocence.  Time may be equitably
tolled "only if petitioner establishes both extraordinary circumstances and
due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th
Cir. 2004).  Petitioner bears the burden of establishing his entitlement to
equitable tolling.  Pollock, 664 F. App'x at 772.  Petitioner states vague
legal conclusions in his amended § 2254 petition, but does not explain his
delay in filing the § 2254 petition.  Petitioner's statements are insufficient to
raise the issue of equitable tolling, let alone meet the burden of establishing
the circumstances necessary to warrant its application.  San Martin v.
McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations
are insufficient to raise the issue of equitable tolling.").  Petitioner's *pro se*
status does not excuse his delay in filing.  Johnson v. U.S., 544 U.S. 195,
297 (2005).

If Petitioner's assertions of unconstitutionality were intended to raise
an issue of actual innocence, he would likewise fail to meet this bar.  A
claim of actual innocence requires Petitioner to show that his conviction

resulted from a "constitutional violation," and "requires petitioner to support his allegations of constitutional error with new reliable evidence."  <u>Scarlett v. Sec'y, Dept. Corr.</u>, 404 F. App'x 394, 401 (11th Cir. 2010).  Actual innocence is a claim of "factual innocence, not mere legal insufficiency." <u>Johnson v. Fla. Dep't of Corr.</u>, 513 F.3d 1328, 1334 (11th Cir. 2008).  The Petitioner "must demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," and "must raise sufficient doubt about his guilt to undermine confidence in the result of the trial."  *Id*.  Petitioner alleges no facts which claim actual innocence.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 20, be **GRANTED** and Petitioner's amended § 2254 petition, ECF No. 8, be **DISMISSED** as untimely. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2017.

**<u>S/ Charles A. Stampelos</u>**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:16cv611-LC/CAS

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.